# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-975V
Filed: July 11, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| MARGARET FERGUSON, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Alison H. Haskins, Maglio Christopher & Toale, P.A. Law Firm, Sarasota, FL, for petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 10, 2014, Margaret Ferguson ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that as a result of receiving Hepatitis A and Hepatitis B vaccinations on March 12, 2013, and May 14, 2013, respectively, she developed brachial plexopathy. See Petition at ¶¶ 1, 12-13.

On February 8, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. A decision awarding compensation pursuant to the terms of the joint stipulation was issued February 16, 2016.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On June 24, 2016, petitioner filed an application for attorneys' fees and costs, requesting $41,708.10 in attorneys' fees and $5,129.92 in attorneys' costs, for a total fees and costs request of $46,838.02.  Petitioner's ("Pet'r's") Application ("App.") at ¶ 2.  In accordance with General Order #9, petitioner states that she did not incur any personal costs in this case.  Pet'r's Ex. 37.  Respondent filed a response to petitioner's application on June 27, 2016, stating:

> Based on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $31,000.00 and $33,000.00.
>
> Respondent therefore respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs within that range.

Respondent's (Resp's) Response at 3 (internal footnote omitted).  Petitioner did not file a reply.  This matter is now ripe for adjudication.

## I. Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The requirement that attorneys' fees be reasonable also applies to costs.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

The determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton, 3 F.3d at 1520. Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502 at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

### a. Hourly Rates

Maglio Christopher & Toale ("MCT") has offices in Washington, D.C., and Sarasota, Florida. Pet'r's Ex. 39 at 1. Counsel of record in this case, Alison Haskins, practices out of the Sarasota office, and work was performed by both Sarasota and Washington paralegals. See Pet'r's Ex. 38; Pet'r's Ex. 39 at 2-3. Petitioner requests the following hourly rates: $300 per hour for attorneys Haskins and Altom Maglio for work performed from 2013 to 2015; $324 per hour for Ms. Haskins for work performed in 2016; $135 per hour for Florida registered/certified paralegals; $105 per hour for Florida non-registered/certified paralegals; and $145 per hour for Washington, D.C., paralegals. Pet'r's Ex. 39 at 2-3; Pet'r's Ex. 35.

#### i. Sarasota Paralegals and Attorneys

Rates for attorneys and paralegals in MCT's Sarasota office for 2011-2013 were recently addressed by another Special Master in O'Neill v. Sec'y of Health & Human Servs., No. 08-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). In O'Neill, certified/registered paralegals were awarded $135 per hour and non-certified paralegals were awarded $105 per hour. Id. at *14 n.24, *15. MCT attorneys with at least 17 years of legal experience were awarded $300 per hour. Id. at *5.

The rates requested for the Sarasota paralegals in this case are consistent with the rates awarded in O'Neill, and the undersigned finds them reasonable. The rates requested for attorneys Haskins and Maglio for 2013 to 2015 are also the same rates awarded in O'Neill for 2011 to 2013, and are reasonable. Ms. Haskins has approximately 18 years of legal experience, and Mr. Maglio has approximately 20.[3] Pet'r's Ex. 38 at ¶ 1.

The undersigned also finds Ms. Haskins' requested rate of $324 per hour for work performed in 2016, reasonable. Ms. Haskins requested $300 per hour for work performed between 2013 and 2015, with no increase from the 2011-2013 rates awarded in O'Neill. The requested 2016 rate of $324 per hour is an 8% increase over her 2015 rate. Given that Ms.

---

[3] Information regarding Mr. Maglio's experience was not submitted, but according to MCT's website, Mr. Maglio received his J.D. in 1996. See https://www.mctlawyers.com/team/altom-maglio/.

Haskins rate for 2013-2015 is the same rate found reasonable for 2011-2013 in O'Neill, the undersigned finds the increase of 8% between 2015 and 2016 reasonable.[4]

### ii. Washington, D.C. Paralegals

Petitioner requests a rate of $145 per hour for Washington, D.C. paralegals for work performed in 2015 and 2016. Pet'r's Ex. 39 at 2-3; Pet'r's Ex. 35, at 13-26. The issue of reasonable 2014-2015 forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). In McCulloch, a reasonable rate for work performed by paralegals in 2014-2015 was found to be $135 per hour. Id. at *21. The undersigned finds the McCulloch rate of $135 per hour reasonable for work performed by the Washington, D.C., paralegals in this case during 2015. For work performed in 2016, the undersigned finds a rate of $140 per hour reasonable.[5]

Washington, D.C. paralegals performed 1.90 hours of work on this case in 2015 and 13.4 hours of work in 2016. See Pet'r's Ex. 25. **Accordingly, the undersigned reduces the requested attorneys' fees by $86.00.**

### b. Hours Expended and Costs

On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable. The undersigned is impressed that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to a type of disease or other general category of cases. The time records of counsel provide the best evidence of hours expended, and in this case those hours appear reasonable. Petitioner has submitted an adequate log of the hours and dates of services performed on this case, and the names of the person providing the services. See generally, Pet'r's Ex. 35. In addition, the undersigned notes that much of the work on this case was performed by paralegals at paralegal rates. Id. The requested costs, which consist primarily of costs for medical records, the court filing fee, and an expert report, are also reasonable. See generally, Pet'r's Ex. 36.

---

[4] In McCulloch, an annual adjustment of 3.7% based on attorney fee inflation, was applied. 2015 WL 5634323, at *16. An 8% increase for 2016 represents less than a 3.7% annual increase since 2013.

[5] A small upward adjustment from McCulloch rates for 2016 has been applied for *attorney* rates in other cases. See, e.g. Boylston v. Sec'y of Health & Human Servs., No. 11-117V, 2016 WL 3080574, at *3 (Fed. Cl. Spec. Mstr. May 10, 2016) (awarding a rate of $430 per hour to an attorney with more than 20 years of experience for work performed in 2016); L.A. v. Sec'y of Health & Human Servs., No. 12-629V, 2016 WL 1104860, at *5 (Fed. Cl. Spec. Mstr. Feb. 29, 2016) (awarding a rate of $430 per hour to an attorney with more than 20 years of experience for work performed in 2016).

## II.  Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $46,752.02 reasonable.

**The undersigned awards attorneys' fees and costs as follows:**

> **(1) A lump sum of $46,752.02 in the form of a check payable jointly to petitioner and petitioner's counsel, Alison H. Haskins, of Maglio Christopher & Toale, PA, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.